# MERRIMACK,

## JANUARY TERM, A. D. 1850.

### STATE v. CONCORD.

### STATE v. BOSCAWEN.

The information authorized by the Revised Statutes, ch. 53, sec. 2, to be filed by the attorney-general, or the solicitor, against towns for neglect of duties there pointed out, in respect to highways, may be brought by either of those officers who shall first commence the proceeding, may be filed in vacation, and without leave of court.

INFORMATION. A highway had been laid out in the towns of Concord and Boscawen, by an order of the Court of Common Pleas, in 1847, which those towns had neglected to build; for which neglect the solicitor for the county of Merrimack, in vacation after the October term of the Court of Common Pleas, 1848, filed in that court an information against each of the towns.

The informations were entitled and began as follows:
"THE STATE OF NEW-HAMPSHIRE.
*Merrimack ss.*—Court of Common Pleas, in vacation after October term, A. D. 1848.

Be it remembered, that Asa P. Cate, solicitor for the county of Merrimack, aforesaid, being before the court, gives the court to understand and be informed," &c., and concluded as follows: " Whereupon the said solicitor prays the advice of the court in this behalf, and that due process of law may be issued to said town of Concord, to

answer, to the said State in the premises, and to do therein what to law and justice may appertain.

ASA P. CATE, Solicitor."

The process returnable to the Court of Common Pleas, on the fourth Tuesday of March, 1849, was dated on the 6th of February, and served soon afterwards upon the respective towns.

To these informations the towns respectively demurred, assigning for cause, "That said information was filed in vacation, by Asa P. Cate, esquire, solicitor for this county, without authority from this court, or by the law of the land to file the same."

In which demurrer the solicitor joined, and the questions of law arising upon the pleadings were transferred to this court.

*Fowler*, for the defendants, cited 1 Chit. Cr. Law 483; *State* v. *Dover*, 9 N. H. 468; Rev. Stat., ch. 53, sec. 2.

*Smith*, for the State.

WILCOX, J.   Criminal informations are, according to Mr. Chitty, "analogous to declarations for the redress of a personal injury, except that the latter are at the suit of a subject for the satisfaction of a private wrong, and the former are in the name of the king, for the punishment of offences affecting the interests of the public." 1 Chit. Cr. Law 841.

It is said by Lord *Kenyon*, in *The King* v. *Joliffe*, 2 D. & E. 290, that "before the statute of 4 & 5 W. & M., c. 18, it was in the power of any individual to file an information without disclosing to the court the grounds on which it was exhibited." But that practice being attended with the inconveniences recited in the preamble to that statute, it was enacted that no information should be filed without the express order of the court, publicly given; and that

State *v.* Concord and Boscawen.

every prosecutor permitted to promote such information, shall give security to prosecute the same with effect, and to pay costs to the defendant, upon contingencies there pointed out. But the act contains a proviso, which exempts from its general operation all informations at the king's suit, filed by the attorney-general. 4 Bl. Com. 311, 312.

And it is said that in case of his illness, his interest in the subject matter, or other sufficient cause, the solicitor-general may act, or the king may appoint any other to sue for justice in his name. 1 Chit. Cr. Law 844.

Informations by the attorney-general, or other officer of like authority to file them, remain, therefore, in England precisely as they were at common law, and before the statute of William and Mary, which has been referred to. He proceeds without oath, without motion, or opportunity for the defendant to show cause against the proceeding. 1 Chit. Cr. Law 845; *State* v. *Dover*, 9 N. H. 472.

Of the nature of this proceeding we have a further intimation from the author of the Commentaries. " The objects of the king's own prosecutions, filed *ex officio* by his own attorney-general, are properly such enormous misdemeanors as peculiarly tend to disturb or endanger his government, or to molest or effront him in the regular discharge of his royal functions. For offences so high and dangerous, in the punishment of which a moment's delay would be fatal, the law has given to the crown the power of an immediate prosecution, without waiting for any previous application to any other tribunal." 4 Black. Com. 308.

Our statute provides that for an offence like the one described in these informations, the grand jury may indict, " or the attorney-general or solicitor may file an information" against the delinquent town. We think that there can be no reasonable doubt that the power intended to be conferred upon these officers was the power ordinarily appurtenant to the attorney-general in his official charac-

ter, and to officers exercising his functions for the time being.   There is no ground for presuming that they were required to proceed like mere private prosecutors, and to be subjected like them to move for leave of the court, any more than to give security for the prosecution, which private prosecutors are likewise required to do, by the only statute which can be found restraining the general license of any and all persons to file informations at their own discretion.

The power given to the attorney-general, or the solicitor in the alternative, may be properly exerted by that officer who first assumes its exercise in each specific case to which it is appropriate.

Like declarations to which they are said to bear an analogy, these informations may be filed at any time; and being the proper remedies for high misdemeanors, requiring often immediate redress, they would wholly fail in that regard if they could be instituted only in term time.

We are, therefore, impelled to the conclusion that the informations in the cases before us were properly filed by the solicitor, no such proceedings appearing to have been previously commenced by the attorney-general; that they are not in the nature of private prosecutions, requiring leave to be obtained of court, or security given before filing them, according to the provisions of the statute of 4 & 5 W. & M.; but in the nature of those informations which in England, still following the course of the common law, the attorney-general may file at any time, of his own motion, and which sometimes require to be filed without delay for the prevention or redress of high and imminent offences.

The demurrer, therefore, must be overruled, and

*Judgment for the State.*